ISAAC HARRIS, PLAINTIFF IN ERROR, v. THE PEOPLE, DEFENDANT IN ERROR.

1. CORRECTING INDICTMENT AT TRIAL.—Where the trial court permits a correction of the name of the defendant to be made in an indictment at the trial, and no objection is made or exception taken thereto, no advantage can be taken of the matter in the appellate court.
2. EVASIONS OF THE LICENSE AND SUNDAY LAWS.—A license to sell " bottled goods" will not justify the keeping of beer on tap, to be drawn into the pitchers and other open vessels of customers, though sales be not made in less quantities than a quart; and the law requiring saloons to be closed on the Sabbath day cannot be evaded by conducting a grocery business in the same room where the liquors are kept and sold.
3. KEEPING OPEN A TIPPLING HOUSE ON THE SABBATH.—To justify a conviction for keeping open a tippling house on the Sabbath it is not necessary to show that the liquor sold was drank on the premises; it is enough that it was drawn out and delivered in open vessels.

*Error to District Court of Arapahoe County.*

Messrs G. F. DUNKLEE and O. E. JACKSON, for plaintiff in error.

JOSEPH H. MAUPIN, attorney general, and Mr. HENRY B. BABB, for defendant in error.

REED, J.  At the January Term, 1891, of the district court, plaintiff in error was indicted, tried and convicted of keeping open a tippling house on the Sabbath in the city of Denver; was sentenced to imprisonment in the county jail

for thirty days, and to pay the costs. It appears from the testimony that he was a grocer, and kept the usual stock of goods in that line of business, and in addition that he kept liquors, whiskey, gin and wine, partly bottled and partly in bulk ; that he bought beer by the keg, kept it on tap, sold it by the quart to any who applied to purchase, drew it from the keg into pitchers, buckets, or such other open vessels as were furnished by the purchaser. There was no direct evidence of the beer or other liquors being drank upon the place. It was also in evidence that the place was kept open upon the Sabbath, and that the ordinary business both in groceries and liquors was transacted the same as on other days of the week. Plaintiff had taken from the proper authorities a license allowing him to sell " bottled goods " or liquors. Under such license he attempted to justify the selling of beer by the quart in the manner above stated. The plaintiff was indicted under the name of Charles Harris—his name was Isaac Harris. It was shown that the sign was in the name of C. Harris ;—as explained, the letter " C " being for the wife, whose name was " Clara," but as the husband testified, sometimes called " Charles." The mistake in the name was discovered at the time of the trial,—leave asked of the court to change and insert the proper name in the indictment, which was granted and the correction made. This is assigned for error. It is only necessary to say that no objection is shown to have been made, and no exception saved. The defense having consented to the charge, or at least having waived the irregularity, no advantage can be taken of it here. There being no question whatever in regard to the identity of the person charged, we can see no way in which he could have been prejudiced by having the name changed from Charles to Isaac. Such misnomer should have been availed of at the time by something in the nature of a plea of abatement, and an exception taken to ruling.

The principal contention is : First, that the verdict of the jury was not warranted by the evidence ; that by the proof the place was not brought within the legal definition of

" Tippling House," and many definitions and authorities are cited.

There was evidence of there having been several intoxicated individuals upon the premises. The object of the statute, evidently, was to prevent places where intoxicating liquors were sold from keeping open and pursuing their traffic upon the Sabbath. It requires such places to be closed, and parties cannot evade the law by carrying on two kinds of business in the same room, and claiming that the sale of groceries was the principal, and the sale of liquors only an incident;—nor could the right to sell bottled goods be construed to be a right to keep liquor or beer on draft to be sold to all applicants, even though the sale was not less than a quart. It is true the testimony of the prosecution was rather meagre, but seems to have been sufficient for the jury, taken in connection with the circumstances. We cannot say the verdict was not warranted by the facts proved, and, unless the jury was misinstructed by the court, it cannot be disturbed.

The instructions given by the court are to be commended for their terseness and brevity. " Counsel is not darkened by many words without wisdom." We think they fully and fairly state the law of the case. The questions to be determined were only two in number, and not complicated. First. Was the place kept open on the Sabbath? Second. Were intoxicating liquors sold to applicants upon the Sabbath in such a manner as to allow the purchaser to drink on the premises, if he wished? These were fairly presented to the jury by the instructions. There is but one paragraph of the instructions that seems to need consideration or comment. It is: " It is not necessary, if you find from the evidence that the defendant sold intoxicating liquor upon the premises, in the manner as the testimony shows, I mean by drawing it from a keg and emptying it or depositing it in an open pitcher, that the evidence should go so far as to show that the liquor was absolutely drank in that room." Upon examination and analysis this does not appear to be erroneous. It having been shown that the place of business was

open, beer on draft, drawn out and delivered in open vessels, the offense, as far as the defendant was concerned, was complete,—could not be made to depend upon the election of the customer to drink or refrain, when he was afforded ample opportunity to drink if he saw fit.

The refusal of the court to give the following instructions asked by the defendant was not error: " The court instructs the jury that a tippling house is a public drinking place where liquors or other intoxicating drink is sold to be drank on the premises." It probably is one of the many good definitions of the name. The portion allowable had, in substance, been given in the instructions. The latter clause of it was clearly objectionable, as we have shown, for by it the jury could not convict unless proof was made of the drinking of it, and all of it on the premises. The statutory offense is complete, when, by competent proof, it is shown that the place was open upon the Sabbath day, the sales of liquors made, and the opportunity to drink offered the customer by the proprietor.

The judgment should be affirmed.

*Affirmed.*